Good morning. Good morning. So we have, this has been a short week, last day for us, we only have four cases to hear this morning so we should not need to take a break. Council, we're familiar with your cases, we've read your briefs, the authority cited in your briefs at least portions of the record. You don't have a lot of time this morning so feel free to get straight to the heart of your argument. Probably going to have some questions but be mindful of the traffic lights, when the red light shines it's time to wrap it up. If you're answering a question from the court, of course, you can finish your answer, you'll be on our time. Our first case this morning is United States v. Harbuck. Mr. Goolsbee. May it please the court, my name is Richard Goolsbee, I'm from Augusta. I was appointed by the court to represent Todd Harbuck. This is an armed career criminal case. All of our issues relate to one of the predicate offenses which the district court at sentencing found to be in support of an armed career criminal determination. As to that offense, it was a 2008 South Carolina common law assault conviction. And as to this issue... It was a common law assault with intent to kill, right? That is correct. And just to make sure I'm right about this, that's no longer the law in South Carolina. It was a crime but it's not, that common law crime has since been abolished, is that right? That is correct, your honor. In the year 2010, the state of South Carolina enacted statutory crimes, prior to that time it was the common law. And your honor, even though that offense, that common law said, assault, quote unquote, with intent to kill, there's a line of common law South Carolina cases dealing with extreme recklessness and the court, the Supreme Court of South Carolina in State v. Malzahn observed that while many assaults involve intent, that is assault with intent to kill, in Malzahn, the court found that extreme recklessness or, as they call it, depraved or malignant heart could suffice. Before we focus too much on that, the government argued that because it's an intent crime, that that makes it a specific intent crime. That the element of attempt under South Carolina law eliminates the option of implied malice and an attempt cannot turn on the mens rea of recklessness. So, you know, I've looked at some of these decisions, King, an attempt by nature is a failure to accomplish what one intended to do. State v. Green, one cannot attempt, well, King also, one cannot attempt to have the general malignant recklessness standard contemplated by the legal concept implied malice. To prove intent, the state must prove the defendant had the specific intent to commit the underlying offense along with some overt act. That's State v. Green. What do you say about that? Your Honor, the government focuses exclusively on favorable language from intent cases and to be sure, the intent cases, the attempt and the intent cases are the vast majority of assaults. But there's this pesky, stubborn little line of cases involving extreme recklessness that do not involve the analysis that the Court just outlined. I mean, if you look at the facts of Malzahn and other cases in South Carolina, and I point out that other jurisdictions, including Georgia, there are reckless assaults. And in our situation, Your Honor, we contend that the Court could basically treat this as a McLeod case. This Court held in McLeod that the burden is on the government to prove the nature of the prior offense, and in this case, whether or not targeting occurred. And, Your Honor, we would also ask, why didn't the government consider the leading treatise? I'm not sure that I really got an answer to my question, because as I understand it, the elements of this crime are an unlawful attempt, is element one, two, to commit a violent injury, two, three, to the person of another, four, with malicious intent, and five, accompanied by the present ability to complete the act. But the first element, an unlawful attempt, they cite plenty of authority that suggests you can't commit an attempt without specific intent. Judge, all of that analysis applies to every intent case out there, but malice of forethought... Do all of them have an attempt, though, as an element? Not this kind of assault. In Harbuck's case, again, Your Honor, there's a lot of cases that don't use those elements, and they can't be ignored. Are those cases about this particular crime? Not that I've seen. Well, malice of forethought is the same whether it be in assault with intent to kill, assault battery with intent to kill, or murder. Malice of forethought should be defined the same. And the point is, it's inescapable that there are two ways malice of forethought can be met, either through intent, and the analysis Your Honor gave would apply, but there's still these reckless assault cases. But then your column in that statute uses the word intent. I mean, that, I think, makes it toversledding for you, right? No, Your Honor. I thought that. When you first look at it, it says assault with intent to kill. That sounds devastating to Harbuck's case, to be totally frank with the court. But when you look at the leading treatise on the history of common law in South Carolina, that is, the criminal law of South Carolina, the authors point out that there's this little that are an exception that show that malice of forethought can include extreme recklessness, or as they call it, a depraved or malignant heart. This statute doesn't use the words malice of forethought. This statute uses the word intent. But the cases, including the Supreme Court of South Carolina's case in Malzahn, does include malice of forethought. And they say that it can be met by extreme recklessness. It's inescapable. It's a small line of cases, but it... Your Honor, ordinary recklessness we know doesn't count. Extreme recklessness, the Supreme Court actually has left open. Yes, Your Honor. But in Borden, the logic and reasoning of Borden answers that question. Four of the justices, and a fifth if you consider the concurring Justice Thomas' opinion, five of the justices would find that there must still be targeting. And, Your Honor, let me talk about targeting for just a minute. The government is all over the place on this issue of targeting. At sentencing, targeting was irrelevant to the government. They said malice of forethought can only be met with intent. They ignored this line of cases that I've been talking about. And I cite them in our brief, and I point out that there's cases like that, these odd apples in every jurisdiction that I've been able to find. But at sentencing, targeting was irrelevant to them. But then in their appeal brief, they argue that targeting is shown by every malice of forethought case. And, Your Honor, that's just not the case. If you keep focusing, though, on the Borden element, malicious intent, and saying that can be proved with implied malice, I get all of that. But I'm still not entirely sure what your response is to the argument that I raised from the start about the first element, the attempt element, other than none of the cases that the government has cited pertain to this specific crime. But they do, as a matter of South Carolina law, I take it you can see, hold that an attempt crime requires a specific intent. If it's an intent.  Right. Attempt. Attempt and intent. I'm trying to make sure I keep this precise and distinct. Yes, Your Honor. I do understand Your Honor's point. But the leading treatise points out that as to this small little line of cases dealing with extreme recklessness, that are apart from. . . I'm not ceding, though, to this element. Well, they don't contain this element. That's my point, Your Honor. But this crime does, right? Not this line of cases involving extreme recklessness. Malzahn is a prime example. I suspect that's the Chief Judge's point. But I think you have a bigger problem, which is, although the Supreme Court has explicitly reserved the question of extreme recklessness and whether that has qualified, whether that would qualify, it seems to me that in Alvarado-Linares, we already decided that question when we said, because implied malice murder, the most innocent conduct criminalized by Georgia's malice murder statute, requires a mental state greater than ordinary recklessness. Malice murder is a crime of violence under Section 924C's Elements Clause. Why haven't we already decided that a crime with a state of mind of greater than mere recklessness qualifies? Your Honor, as we point out in our reply brief, we believe that this case is a logical extension of Alvarado-Linares in that Alvarado-Linares, if you look at the facts, it was an MS-13 gang member's murder, an attempted murder of their victims. There was clearly targeting present in that case. What we're arguing is that... But what is your point? Yeah. I mean, the facts are decided. I will say that your stand about those facts and, frankly, the ones here heighten and continue my intense frustration that we're even having this conversation. I know we have to. The Supreme Court is the boss, but it's ludicrous.  Your Honor, targeting is still the key. I understand, Your Honor. Targeting is still going to be the key, I believe. And, again, this could be a McLeod case. They had the burden of proving what the nature of this prior offense and whether or not targeting occurred, and they offered nothing. That statement from our recent case doesn't say anything about targeting. It says if a crime requires a mental state greater than ordinary recklessness, then it's a crime of violence. I don't know why we're not, frankly, bound by that. Because, Your Honor, it's distinguishable. It involved clear intent as to murder. Okay. Mr. Golspe, you've saved three minutes. Let's hear from the government. Thank you. Good morning, and may it please the Court. Michael Wabel. I represent the United States. This is really a pretty straightforward case in light of the concessions that Mr. Harbuck made in his reply brief. I had the same sentence that Judge Grant quoted from the Alvarado-Linares case. That case controls this case. Because implied malice murder, the most innocent conduct criminalized by Georgia's malice murder statute, requires a mental state greater than ordinary recklessness. Malice murder is a crime of violence under 924C's elements clause. This Court has already That's a third element or a fourth element. That's correct. Right. Yeah. The first element is the attempt element. You've made the argument that I articulated that that requires specific intent. Yes, and even the board in plurality, footnote number three, flagged that issue, that attempt and conspiracy have a purposeful. It says purpose and knowledge. The distinction doesn't matter in most instances, but for these incoherent offenses, it does because purpose can separate innocent conduct from criminal conduct. And so the board in footnote three, and Your Honor is familiar with the line of South Carolina cases, that there are even more going back into the early 2000s and been before that. So I won't belabor that point. I just want to get back to the extreme recklessness. And my colleague indicated that the government was all over the place with respect to targeting. I would submit that Mr. Harbuck has a record preservation issue himself here, and that is the term extreme recklessness, that phrase, the word extreme, never came up anywhere in the sentencing hearing. It's not set forth anywhere in the objections to the PSR. His PSR objection mentioned the state's characterization of the offense as nonviolent and as a misdemeanor, et cetera. But then his last sentence says, finally, because this offense includes a mens rea of recklessness, it does not qualify as a violent felony. I think that preserves the issue.  Let me just skip ahead. As long as you're apprising the district court that this isn't a crime of violence and that the recklessness is not enough, that doesn't mean you have to articulate every reason that that is so in the district court for you to then raise that on appeal. Point taken, Your Honor. But the 4th, 6th, 8th, 9th, 10th, and 11th circuits have all issued precedential decisions post-Borden indicating that a mens rea greater than ordinary recklessness suffices under the Borden standard. The most influential case is the one we did.  That's right. And it's also been the most influential along with the 9th circuit's on-bank decision in Begay. And the other one that is really worth hammering home is the U.S. v. Manley decision in the 4th circuit, which followed almost immediately after this Court's Alvarado-Laneros decision and cited Alvarado-Laneros for the proposition in holding that extreme recklessness satisfied the mens rea of 924-C's elements clause. That was a Judge Niemeyer decision, also a Vicar assault and murder case under Virginia law. The 6th circuit has a pair of decisions, U.S. v. Harrison and U.S. v. Jameson. The 10th circuit has the Kepler decision, which is very influential. Again, kind of like this Court's Thompson decision regarding depraved heart recklessness. The 8th circuit has three decisions, one of which the 8th circuit is the circuit that is splintered, but the two subsequent decisions have tried to distinguish Lungahoe, which is the arson case. It has decisions on Brewer regarding voluntary manslaughter and Janus, again, second-degree murder with the under 1111 of the United States Code. So this Court should not create an intra-circuit split, nor should it create another circuit split regarding whether extreme recklessness qualifies under Borden's standard. Yeah. I think you're right about all that. I'm happy to answer any other questions about the record or the party's arguments. I don't hear any questions, so I think we understand your case. Thank you very much. Thank you so much, Your Honor. Mr. Goolsbee, you've saved three minutes. Your Honor, we would point out that it wouldn't create a split in that Alvarado-Linares dealt with murder, which is clearly involving targeting. Targeting is going to be the key. We said extreme recklessness as opposed to ordinary recklessness was enough. And even if we get past the attempt issue on the first element, if we're going to the fourth element in your implied malice argument, it seems to me that Alvarado-Linares has resolved that. We're bound by it. Because we said extreme recklessness is good enough, right? Judge, I respectfully would point out again that that case can be viewed as a murder case in which targeting is always present when there's a use of force against the person. But that case could be limited to its facts. And this Court could realize that in light of Borden emphasizing the importance of targeting and the fact that five justices of the nine believe that targeting is necessary, we believe that that's reason enough to branch out without – there's no need to overrule Alvarado-Linares. And there would be no need to. It's totally different. I'm sorry. It's totally different facts. It clearly involves targeting. It's a murder. There's nothing that rules out the possibility that in this case, when Harbuck shot out the window, he didn't consciously direct his shot at anybody. The government failed to prove the nature of this offense and whether there was any targeting. He pled to possession of methamphetamine. He could have been out of his gourd on meth and not intending or not targeting anybody. And I realize Your Honor believes that the intent is present in every assault, but we would respectfully contend that the leading treatise on South Carolina law pointed out that there's this line of cases that I keep talking about that don't require it. I understand your argument, Mr. Goolsbee. And you were court-appointed, and we very much appreciate you accepting the court appointment and discharging your responsibility this morning. Thank you, Your Honor. Thank you.